IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 16–cv–02262–KMT

EUGENE WIDEMAN, JR.,

    Plaintiff,

v.

UNITED STATES GOVERNMENT, and
SECRETARY OF LABOR THOMAS PEREZ,

    Defendants.

# ORDER

This matter is before the court on "Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)" (Doc. No. 5), to which Plaintiff filed a Response. (Doc. No. 7.)

## Background Information

Plaintiff, proceeding *pro se*, initiated this lawsuit on September 7, 2016. (Doc. No. 1 ["Comp."].) In his Complaint, Plaintiff explains that he is a former federal employee who was injured in the performance of his job duties. (Comp. at 2-3.) He filed claims under the Federal Employees' Compensation Act ("FECA") and has been receiving treatment pursuant to the same for the past 14 years. (*Id.* at 3.) However, he alleges the medical care he has received is inadequate and has resulted in additional injuries. (*Id.*) By this action, Plaintiff brings a claim under the Federal Tort Claims Act ("FTCA") and constitutional claims under the First, Fourth, and Fourteenth Amendments based upon the administration of his FECA claim, as well as based

upon the medical care he received.[1]  (*Id.* at 3-4, 6-7.)  Plaintiff also challenges the Office of Worker's Compensation Programs' ("OWCP") garnishment of his FECA compensation for child support payments.  (*Id.* at 5-6.)

**Legal Standards**

**1. *Pro se* Plaintiff**

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."  *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

---

[1] Plaintiff brought a similar lawsuit in 2014 directly against one of the medical care providers treating him for his work related injuries.  *See Wideman v. Watson, et. al.,* No. 14-cv-02488-BNB, 2014 WL 5573451 (D. Colo. Oct. 31, 2014).  In that case, he alleged medical malpractice and violations of his constitutional rights.  *Id.*  The court dismissed the case based on lack of subject matter jurisdiction.  *Id.*

**2. Lack of Subject Matter Jurisdiction**

Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion

to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

### 3. Failure to State a Claim Upon Which Relief Can Be Granted

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Bellmon*, 935 F.2d at 1198. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id.* at 679-81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted). "[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id.* (quotations omitted).

**Analysis**

**1. FECA claim**

Plaintiff alleges Defendants acted tortiously and breached their contract to provide medical care, as required by the FECA, when a federal employee suffers a work related injury. (Comp. at 3-4.) Plaintiff does not contend Defendants failed to provide medical care but instead, that they failed to provide *adequate* medical care. (*Id.* at 3-4, 6-7.) Plaintiff alleges the medical

5

care provided by Dr. Michael Dallenbach and Dr. William Watson, pursuant to his FECA claim, "almost killed [him] twice" and has resulted in additional injuries. (*Id.*) He also states that he has a total of eight doctors that have provided care and treatment since his work related injury and with the exception of one, they have all caused him to suffer additional injuries or failed to properly treat his injuries. (*Id.* at 4.)

FECA was enacted to provide benefits to federal employees injured or killed in the course of performing their duties. 5 U.S.C. § 8102(a). The benefits available under FECA are primarily medical expense reimbursement, vocational rehabilitation, and disability compensation that represents a percentage of the claimant's salary prior to his injury. 5 U.S.C. §§ 8103–07. 5 U.S.C. § 8116 provides that FECA is the federal employee's exclusive remedy against the federal government for on-the-job injuries. Specifically, it states:

> The liability of the United States . . . under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee . . . and any other person otherwise entitled to recover damages from the United States . . . because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

5 U.S.C. § 8116(c). As the Supreme Court explained, Section 8116 was "designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity." *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193–94 (1983). "In enacting this provision, Congress adopted the principal compromise—the 'quid pro quo'—commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." *Id.* at 194.

Once it is determined that a disability resulted from a work-related injury as defined by FECA, the claimant is limited to the remedies authorized by FECA, even if a particular type of damage or consequence the claimant suffered is not compensable under the same. *See United States v. Lorenzetti*, 467 U.S. 167, 169 (1984) ("Because the United States' liability for work-related injuries under FECA is exclusive, *see* § 8116(c), respondent cannot recover from the United States for losses such as pain and suffering that are not compensated under FECA."); *see also Avasthi v. United States*, 608 F.2d 1059, 1060–61 (5th Cir.1979) (holding that where a federal employee's injuries occurred in the course of performing his duties, he was not entitled to elect coverage under the FTCA rather than FECA even though proceeding under the FTCA offered the possibility of a more comprehensive remedy).

By Plaintiff's own account, his injuries fell within the coverage of FECA and thus, it provides the exclusive remedy. See 5 U.S.C. § 8116(c); *see also* 5 U.S.C. § 8128(b) ("The action of the Secretary or his designee in allowing or denying a payment under this subchapter is (1) final and conclusive for all purposes and with respect to all question of law and fact; and (2) not subject to review by another official of the United States or by a court by mandamus or otherwise."). Moreover, as was noted by the court in Plaintiff's 2014 matter, "FECA also bars any FTCA suit by [Plaintiff] to recover for medical malpractice arising out of his work related injury." *Wideman*, 2014 WL 5573451, at *3 (citing *Williams v. Siverts*, No. 05–cv–486–HEA, 2005 WL 1899385 (E.D. Mo. Aug. 9, 2005) (recognizing that although the plaintiff was not suing for the injury he suffered at work, but for a medical malpractice arising out of treatment for the injury, this distinction was without a difference) (citing *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995)); *Baker v. Barber*, 673 F.2d 147 (6th Cir. 1982) (noting that FECA provides

compensation for work related injuries and that additional injuries caused by intervening negligent medical treatment also appear to be compensable under FECA); *Gold v. United States*, 387 F.2d 378 (3d Cir. 1967) (holding that the plaintiff who alleged malpractice had exclusive remedy under FECA). Because Plaintiff brings this suit for injuries he suffered as a result of the medical care provided for his work related injuries, FECA is the exclusive remedy for his claims.

Significantly, however, courts have held that FECA does not deprive a federal court of jurisdiction to review a charge that the Secretary violated the Constitution or a clear statutory mandate or prohibition. *See Noble v. United States*, 216 F.3d 1229, 1235 (11th Cir. 2000) (noting that 5 U.S.C. § 8128(b) does not prevent a federal court from considering constitutional violations related to FECA claims); *Beckner v. U.S. Dep't of Labor*, 797 F. Supp. 850, 851 (D. Colo. 1992) (noting that the court did not have jurisdiction to the Secretary of Labor's decision to deny or allow a claim under FECA and "[j]urisdiction can only be premised on a constitutional violation or a transgression of a clear statutory mandate.")

Here, Plaintiff included a conclusory statement in his Complaint that Defendants violated his First, Fourth, and Fourteenth Amendment rights by allowing Dr. Dallenbach and Dr. Watson to refuse his request for specific medical care, resulting in new injuries and failure to treat his previous injuries. (Comp. at 4.)[2] However, Plaintiff fails to set forth any explanation as to how the doctors' treatment of him violated his rights under any constitutional amendment. *See Wideman*, 2014 WL 5573451, at *2 ("Merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a pro se pleader to a day in court,

---

[2] As Defendants note, the Fourteenth Amendment applies to state action. *See, cf., Grayson v. Kansas*, No. 06–2375–KHV, 2007 WL 1259990, at *1 n.2 (D. Kan. April 30, 2007). Therefore, construing Plaintiff's Complaint liberally, the court presumes Plaintiff intended to assert a Fifth Amendment claim as the Fifth Amendment pertains to actions by the federal government. *Id.*

regardless of how liberally the court construes such pleadings."). Here, Plaintiff has not set forth any facts that would give rise to a legally-cognizable constitutional violation.

**2. Claims related to garnishment**

Plaintiff also challenges the Department of Labor's garnishment of his FECA benefits pursuant to a writ of garnishment issued by the State of Colorado for back child support. (Comp. at 5-6.) Generally, compensation obtained through a FECA claim is exempt from creditor claims. 5 U.S.C. § 8130. However, OWCP's regulations contain an exception to this exemption for child support garnishments.

> (a) As a general rule, compensation and claims for compensation are exempt from the claims of private creditors. . . . However, pursuant to provisions of the Social Security Act, 42 U.S.C. 659, and regulations issued by the Office of Personnel Management (OPM) at 5 CFR part 581, FECA benefits, including survivor's benefits, may be garnished to collect overdue alimony and child support payments.
>
> (b) Garnishment for child support and alimony may be requested by providing a copy of the State agency or court order to the district office handling the FECA claim.

20 C.F.R. § 10.423.

In accordance with these provisions, the Department of Labor received a notice of administrative lien and attachment, dated March 3, 2006, issued by the Colorado District Court for Pueblo County, Case No. 97-DR-1028, ordering it to withhold $776.56 per month from Plaintiff's FECA compensation for current child support. (Doc. No. 5-1 at 2.) OWCP began deducting the requisite amount from Plaintiff's FECA compensation payments on April 15, 2006 and forwarding those funds to the Colorado Division of Child Support Enforcement. (*Id.*)

Though not entirely clear, Plaintiff appears to challenge the validity of the Colorado administrative lien and/or his paternity of the subject child. (Comp. at 5.) However, this court is

not the proper forum for such an action. As established, the writ of garnishment was issued by a Colorado state court. "Under the *Rooker–Feldman* doctrine, federal district courts do not have jurisdiction . . . over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the United States Supreme] Court. . . . The doctrine prohibits a lower federal court from considering claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment." *Jackson v. Peters*, 81 F. App'x 282 (10th Cir. 2003) (internal quotations and citations omitted); *see also Johnson v. Suthers*, No. 12–cv–00096–REB–MJW, 2012 WL 2589896, at *6 (D. Colo. May 22, 2012) (citing a litany of cases in which "federal court challenges to child support which allege constitutional violations . . . are routinely dismissed pursuant to the *Rooker–Feldman* doctrine.")

Though Plaintiff mentions his belief that the Secretary of Labor has a duty to enforce the Federal Child Welfare Act and argues that under federal law, "a man is entitled to DNA testing," *see* Comp. at 5, the core of Plaintiff's claim arises from a state court order that he must pay a specific amount of child support. Accordingly, for the reasons stated above, the court finds Plaintiff's claim is barred under the *Rooker–Feldman* doctrine and must be dismissed for lack of subject matter jurisdiction.

Therefore, it is

**ORDERED** that "Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)" (Doc. No. 5) be **GRANTED** in its entirety and this matter dismissed. It is further

**ORDERED** that, in light of the above ruling, "Defendants' Partial Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56" (Doc. No. 9) is **DENIED**.

Dated this 1st day of September, 2017.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge